**SO ORDERED.**

**SIGNED this 14th day of January, 2026.**

```
                    _____
                            BENJAMIN A. KAHN
                    UNITED STATES BANKRUPTCY JUDGE
```

---

```
              UNITED STATES BANKRUPTCY COURT
             MIDDLE DISTRICT OF NORTH CAROLINA
                      DURHAM DIVISION
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Chrystyna Hankewycz Sinclair | ) | Chapter 13 |
| | ) | Case No. 25-80223 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### ORDER ON MOTION FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY OR, ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY

This case came before the Court for hearing on December 9, 2025, ("Hearing") on Motion for Determination that Automatic Stay Does Not Apply or, Alternatively, Relief from Stay, ECF No. 14, filed by the United States of America (the "Creditor") on October 17, 2025.  At the Hearing Nathan Strup, counsel for Creditor, Samantha K. Brumbaugh, counsel for Chrystyna Hankewycz Sinclair ("Debtor"), Anita Jo Kinlaw Troxler, the Chapter 13 Trustee, and Franklin Greene, counsel for the Trustee of Deed of Trust, appeared.  ECF No. 35.  At the conclusion of the Hearing the Court took this matter under advisement.  Because the automatic stay

does not apply to the enforcement and collection of property that a restitution-debtor possesses a right to, the stay does not apply to the civil action, styled <u>United States v. Louie George Sinclair, et al.</u>, Civil Case No. 1:25-cv-715 (the "Civil Action"), pending in the Middle District of North Carolina.

## BACKGROUND

On September 30, 2025, Debtor commenced this case by filing a voluntary petition under chapter 13 of title 11.  ECF No. 1.  On schedule A/B, Debtor listed real property located at 4305 Lillington Drive, Durham, N.C. (the "Real Property") with a value of $476,370.00.  <u>Id.</u> at 10.  Schedule A/B lists Debtor as the only individual with an ownership interest in the Real Property.  <u>Id.</u> On schedule D, Debtor lists a secured claim held by Freedom Mortgage Corporation in the amount of $337,656.00, a judgment lien in favor of American Express in the amount of $14,936.00, and a disputed "criminal restitution debt against Debtor's ex-spouse"[1] in favor of the United States of America in the total amount of $76,248.93, all of which are secured by the Real Property.  <u>Id.</u> at 20-21.  The "criminal restitution debt" arose as part of a judgment entered against Debtor's spouse, Louie George Sinclair.  ECF No. 14.  In 2008, Mr. Sinclar was found guilty of Wire Fraud in the

---

[1] Debtor's Statement of Financial Affairs refers to Sinclair as Debtor's "ex-spouse," ECF No. 1, at 21, but at the Hearing, the parties referred to him as her spouse, and no party disputes that the property remains entireties property.

2

criminal case styled, United States v. Sinclair, Case No. 1:07-cr-83-1 (M.D.N.C.) (the "Criminal Case"). ECF No. 14, Ex. 1. As part of that court's Judgment, Mr. Sinclair was ordered pay a special assessment of $100.00[2] and restitution in the amount of $62,203.00. Id. As of September 30, 2025, payments totaling $7,100.00 have been credited toward Mr. Sinclair's restitution debt. ECF No. 14, at ¶ 3.

On March 4, 2008, a lien in favor of the United States, and securing payment of Mr. Sinclair's restitution debt, arose and attached to all property, and rights to property, of Sinclair. ECF No. 14, Ex. 1. That included Mr. Sinclair's undivided one-half ownership interest in the Real Property, which was owned by Debtor and Mr. Sinclair as tenants by the entirety. ECF No. 14, Ex. 2 at ¶ 5; 18 U.S.C. § 3613(c). On March 31, 2008, the Office of the United States Attorney for the Middle District of North Carolina, pursuant to 18 U.S.C. § 3613, perfected that lien by filing a notice of the lien with the Clerk of Superior Court for Durham County, North Carolina. Id. at Ex. 4. To date, the total amount due and owing on the restitution debt is $76,418.32, which includes restitution principal in the amount of $55,103.00 and

---

[2] The special assessment has been paid in full. ECF No. 14, Ex. 2.

interest of $21,315.32, plus any interest accruing after September 30, 2025.[3]  Id.

Prior to Debtor's bankruptcy, on August 7, 2025, the United States filed a complaint with the Clerk of the United States District Court for the Middle District of North Carolina, seeking to enforce its lien against an undivided one-half ownership interest in the Real Property through the forced judicial sale of the entire Real Property and application of net sale proceeds attributable to the undivided one-half ownership interest to Mr. Sinclair's restitution debt.  Id.  Debtor is a named defendant in the Civil Action.  Id.  On October 7, 2025, Debtor filed a document titled "Suggestion of Bankruptcy" in the Civil Action.  ECF No. 14, Ex. 11.

On October 17, 2025, Creditor filed the instant Motion requesting a determination that the Civil Action is not subject to the automatic stay because the Mandatory Victims Restitution Act, 18 U.S.C. § 3613, overrides conflicting provisions of the Bankruptcy Code,[4] or in the alternative, that this Court grant relief from the automatic stay, for cause under 11 U.S.C. § 362(d)(1).  See ECF No. 14.  Creditor concedes that it only may enforce the lien against Mr. Sinclair's previous one-half

---

[3] Interest is accruing on the debt at the rate of 2.040% per annum.  ECF No. 14, at ¶ 3.

[4] 11 U.S.C. § 101 et seq.

4

undivided interest to which the restitution lien attached, and that the remaining net sale proceeds will be distributed to Debtor.

## DISCUSSION

The commencement of a bankruptcy case immediately divests a debtor of most interests in property she held at the time of filing and vests that property in the bankruptcy estate. 11 U.S.C. § 541(a). The petition also "operates as a stay, . . . [of] the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." See Kreisler v. Goldberg, 478 F.3d 209, 213 (4th Cir. 2007); 11 U.S.C. §§ 301, 362(a)(1). The automatic stay is the fundamental protection given to a debtor under the Code. It provides a debtor with the necessary breathing room to operate and function without harassment or fear of losing property while organizing an overwhelming amount of debt. See Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934); In re Weatherford, 413 B.R. 273, 283 (Bankr. D. S.C. 2009). That protection is not unlimited; Congress has enumerated a number of exceptions to the stay in title 11. See, e.g., 11 U.S.C. § 362(b)(1).

Exceptions to the automatic stay also exist outside of title 11. Applicable here is Section 3613(a) of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3613, which provides that "[n]otwithstanding any other Federal law . . ., a judgment imposing

5

a fine may be enforced against all property or rights to property of the person fined . . . ." Id. § 3613(a), and which this Court held in In re Turner, Case No. 22-80056, ECF No. 43, aff'd sub. nom., Turner v. United States, No. 1:22-CV-937, 2023 WL 4053585, at *4 (M.D.N.C. June 16, 2023), supersedes the Bankruptcy Code, including the automatic stay.  11 U.S.C. § 362.

Under the MVRA, once a criminal defendant is ordered to pay a restitution debt, a lien in favor of the United States arises on all property, and rights to property, of the person fined, and may be enforced in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law.[5] 18 U.S.C. § 3613(a).  Congress has unequivocally stated that criminal fines are to be treated in the same fashion as federal tax liabilities, and that a lien only terminates on the date that is the later of 20 years from the date of entry of judgment, or 20 years after the restitution-debtor's release from imprisonment, and, once properly noticed, is "valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor. . . ."  18 U.S.C. §§ 3613(b), (d).  Thus, once attached, the lien is valid against all co-owners, even if owned as tenants by the entireties.  See United States v. Godwin, 446 F. Supp. 2d 425, 427 (E.D.N.C. 2006) (citing United States v. Craft, 535 U.S.

---

[5] A lien arising under § 3613(c) is treated as if the liability were one for a tax assessed under the Internal Revenue Code.  18 U.S.C. § 3613(c); 26 U.S.C. §§ 1, et. seq.

274, 288 (2002))(denying defendant's motion to dismiss an action to enforce a restitution lien under 28 U.S.C. § 3613, because the Supreme Court's Craft opinion, read alongside § 3613, permits the United States to enforce a lien against property owned by defendant and her spouse as tenants by the entities under North Carolina law which otherwise prohibits an individual creditor of one spouse to levy upon property held as tenants by the entireties, and which would otherwise permits one spouse to transfer her entirety interest free and free of a creditors claims); 28 U.S.C. § 3613(c).

Creditor seeks entry of an order declaring that the automatic stay does not apply to the pending Civil Action in the District Court to enforce the restitution lien attached to Sinclair's undivided one-half interest in Debtor's Real Property.  Debtor concedes that if this case were factually identical to Turner the stay would not apply, and that the stay does not otherwise apply to Sinclair's one-half interest in the Real Property, ECF No. 35, at 0:04:01-0:04:13, but attempts to distinguish this case from Turner because the Debtor now is the sole owner of the Real Property and is not the defendant ordered to pay restitution.  The restitution obligation here applies only to the non-filing spouse. Debtor therefore contends that the MVRA's enforcement provision does not except enforcement of the lien against property of a debtor from the automatic stay where the debtor is not the "person fined" as contemplated by § 3613(a) of the MVRA.  Debtor emphasizes

7

that the "MVRA rests on the recognition that [i]t is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] <u>offender</u> be held accountable to repay these costs," and that because Debtor is not the offender, the principles underlying the MVRA cut against lifting the stay as to the Debtor's interest in the Real Property. <u>United States v. Swenson</u>, 971 F.3d 977, 982 (9th Cir. 2020) (citing <u>United States v. Novak</u>, 476 F.3d 1041, 1043 (9th Cir. 2007) (emphasis in original) (citation modified)). Debtor also argues that because the Real Property is now property of the bankruptcy estate, and because the MVRA is limited to enforcement against the person fined, the government is not entitled to modification of the stay as to property of the estate.

The language of the statute creates broader application of the MVRA than Debtor contends. As with all statutory interpretation, the Court's analysis begins with the language of the statute itself.[6] See <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526, 533-34 (2004). As recognized in <u>Turner</u>, the statute's authority to pursue the property of the person fined, "[n]otwithstanding any other Federal law" is extremely broad, and permits enforcement

---

[6] "[W]hen 'the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it by its terms.'" <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.</u>, 530 U.S. 1, 6, (2000) (citing <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 241 (1989)) (internal quotations omitted).

against "all property or rights to property of the person fined . . . ." 18 U.S.C. § 3613(a).  In other words, where the property of the offender, or rights of property of the offender are at issue, § 3613(a) applies without regard to any other federal enactment.  See United States v. Robinson, 494 B.R. 715, 719 (W.D. Tenn. 2013); Turner, 2023 WL 4053585, at *2.

As this Court held and the district court stated in its affirmance in Turner, "'Congress's mandate that the MVRA allows for seizure of all property or rights to property notwithstanding any other federal law' also applies to and supersedes the Bankruptcy Code, including the automatic stay provided by 11 U.S.C. § 362(a)."  Turner, 2023 WL 4053585, at *3 (citing United States v. Frank, 8 F.4th 320, 327 (4th Cir. 2021)).

Debtor is partly correct.  Where the restitution-debtor holds no interest in property, and when no lien has attached to the property as a result of the restitution order, the MVRA does not override otherwise applicable federal law.  For example, in Swenson, the Ninth Circuit addressed whether a defendant's spouse's Social Security benefits may be garnished to collect restitution imposed under the MVRA from the defendant in a community property state.  971 F.3d at 983.  As that court explained:

> [I]f Mr. Swenson's Social Security benefits were at issue, Section 3613(a) would override the SSA's anti-alienation provision as to his benefits, and the

9

>   government would be able to garnish them. But because Mrs. Swenson's benefits are not Mr. Swenson's property, and Mr. Swenson has no right to them, the MVRA does not override the anti-alienation provision as to Mrs. Swenson's benefits . . . .

Id. at 984. (emphasis in original).

In contrast, where a restitution-debtor holds a right to the property, or where a valid lien arose when the person fined held an interest in the property, the MVRA overrides Federal law, including the automatic stay. Debtor concedes, as she must, that a valid lien against the undivided one-half ownership interest in the Real Property, which was owned by Debtor and Mr. Sinclair as tenants by the entirety, arose upon the entry of Judgment against Mr. Sinclair in the Criminal Case, and was perfected upon the notice of the lien. ECF No. 35, at 0:03:00-0:03:08; ECF No. 14, Ex. 3, at ¶ 5; see also In re Morgan, No. 21-50455, 2021 WL 5498621, at *4 & *5 (Bankr. M.D.N.C. Nov. 4, 2021) (citing 18 U.S.C. § 3613) (holding that debtor's entireties interest did not exempt his real property from process by the IRS under Craft), aff'd, No. 1:21CV891-LCB, 2022 WL 3354671 (M.D.N.C. Aug. 12, 2022), aff'd sub nom. Morgan v. Bruton, 99 F.4th 206 (4th Cir. 2024). Debtor also concedes that the restitution lien against the Property continues to exist as to that undivided one-half interest and that the stay does not apply to that interest. ECF No. 35, at 0:03:00-0:03:08. The lien has not expired, has not been otherwise released, followed the property when Mr. Sinclair transferred his interest to Debtor,

10

and cannot be discharged in Debtor's bankruptcy. Id. §§ 3613(c), (e). The lien is enforceable under non-bankruptcy law by a sale of the entire property, with Debtor receiving the net proceeds of her non-encumbered interest, and the lien only terminates on the date that is the later of 20 years from the date of entry of judgment, or 20 years after the restitution-debtor's release from imprisonment. 18 U.S.C. § 3613(b). Creditor now seeks to enforce that judgment against Mr. Sinclair's prior interest to which the lien attached notwithstanding the stay under 11 U.S.C. § 362 and is permitted to do so under the plain language of the MVRA. Turner, 2023 WL 4053585, at *3.[7]

Only federal law, i.e. the automatic stay, potentially prevents enforcement against Mr. Sinclair's former interest in the Real Property. The plain language of the MVRA precludes the application of federal law in a way that would prevent enforcement against the property of the person fined. To permit criminal defendants to evade the provisions of the MVRA by simply transferring the affected property to a spouse after the property becomes subject to a restitution lien, not only conflicts with the

---

[7] Debtor also argues that the commencement of the case divested Debtor from the Real Property and vested it in the bankruptcy estate under 11 U.S.C. § 541, and because the bankruptcy estate is not the "person fined" under the MRVA, the stay applies. This Court and the district court in Turner already considered that same argument and as the district court stated, "[the] argument that there is a distinction between the debtor's property and the bankruptcy estate does not impact the statutory analysis of the language of the MVRA." Turner, 2023 WL 4053585, at *4.

statue's broad language, but also would eviscerate the statute's effect. Therefore, once a lien arises with respect to a property interest of the person fined, it may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. . . [n]otwithstanding any other Federal Law . . . ," and notwithstanding a voluntary transfer of that property to a debtor thereafter. 18 U.S.C. § 3613(a).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The automatic stay does not apply to the continuation, enforcement, and collection of restitution against the Real Property, in the Civil Action styled <u>United States v. Louie George Sinclair, et al.</u>, Civil Case No. 1:25-cv-715, including by not limited to the forced judicial sale of the Real Property located at 4305 Lillington Drive, Durham, North Carolina.

2. Creditor's alternative request for relief from stay is denied as unnecessary.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-80223

```
Chrystyna Hankewycz Sinclair
4305 Lillington Drive
Durham, NC 27704

Bankruptcy Administrator                                VIA CM/ECF
John Paul Hughes Cournoyer

Chapter 13 Trustee                                      VIA CM/ECF
Anita Jo Kinlaw Troxler

Samantha K Brumbaugh                                    VIA CM/ECF
Counsel for Debtor

Nathan L. Strup                                         VIA CM/ECF
Counsel for Creditor

Freedom Mortgage Corporation,
c/o Travis Emil Menk, Brock & Scott PLLC,
6701 Carmel Road, Suite 315,
Charlotte, NC 28226
```